IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHEPPARD JACKSON,            )<br>            Plaintiff,            )<br>v.                                          )<br>NANCY A. BERRYHILL, Acting  )<br>Commissioner of the Social Security  )<br>Administration.                        )<br>            Defendant.           ) | No. 3:15-CV-4001-BF |

## MEMORANDUM OPINION & ORDER

Sheppard Jackson ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claim for Supplemental Security Income under Title XVI of the Social Security Act, pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff alleged that he was disabled due to a variety of ailments, including back pain and carpal tunnel syndrome. Tr. 87, ECF No. 13-3. After his application was denied initially and upon reconsideration, a hearing was held on August 4, 2011, in Dallas, Texas, before ALJ Rebecca D. Westfall, pursuant to Plaintiff's request. Tr. 86, ECF No. 13-3. Also present at the hearing was Vocational Expert ("VE") Susan Brooks. Tr. 86, ECF No. 13-3. Plaintiff was 54 years at the time of the August 4, 2011 hearing. Tr. 89, ECF No. 13-3. Plaintiff testified that he attended high school through the 11th grade. Tr. 90, ECF No. 13-3. Plaintiff testified that he was incarcerated between 1996 and 1999, and that he is on parole until 2019. Tr. 91 & 95, ECF No. 13-3. The ALJ noted at Plaintiff's August 4, 2011 hearing that while Plaintiff alleged disability in part due to carpal tunnel syndrome, he has not had carpal tunnel surgery releases. Tr. 87, ECF No. 13-3. The VE testified that Plaintiff's past relevant work included yard worker, which is heavy and unskilled work. Tr. 115, ECF

No. 13-3. The VE testified that a hypothetical individual with Plaintiff's restrictions was precluded from doing work that involved repetitive movement, such as working on a poultry processing line, but that the individual could perform light and unskilled work, such as a cafeteria attendant, a vending machine attendant, and a photocopy machine operator. Tr. 116-17, ECF No. 13-3.

On August 26, 2011, the ALJ issued her decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act since August 24, 2010, the date Plaintiff's first application was filed. Tr. 123, ECF No. 13-4. The ALJ determined that Plaintiff had the following severe impairments: Hepatitis B and C, carpal tunnel syndrome, and degenerative disc disease of the lumbar spine. Tr. 125, ECF No. 13-4. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). Tr. 125, ECF No. 13-4. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. § 416.967(b), except that Plaintiff could only frequently reach, handle, finger, and feel, with frequent, but not repetitive hand movements. Tr. 126, ECF No. 13-4. The ALJ stated that transferability of job skills was not an issue, because Plaintiff's past relevant work was unskilled. Tr. 128, ECF No. 13-4. Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs in significant numbers in the national economy that Plaintiff could perform, such as those identified by the VE: a cafeteria attendant, a vending machine attendant, and a photocopy machine operator. Tr. 116-17, ECF No. 13-3; Tr. 128, ECF No. 13-4.

A second hearing was held on February 21, 2014, in Dallas, Texas, to determine Plaintiff's disability status with an alleged onset date of October 4, 2012. Tr. 58, ECF No. 13-3. Also present

at the hearing was VE Jennifer McGuinness. Tr. 58, ECF No. 13-3. Plaintiff was 56 years old at the time of the February 21, 2014 hearing. Tr. 61, ECF No. 13-3. Although Plaintiff testified at his August 4, 2011 hearing that he completed the 11th grade, Plaintiff testified at his February 21, 2014 hearing that he failed to complete the 11th grade. Tr. 64 & 90, ECF No. 13-3. In addition, while Plaintiff testified at his February 21, 2014 hearing that he was incarcerated from 1993 through 1999, and in 2009, he testified at his August 4, 2011 hearing that he was incarcerated between 1996 and 1999. Tr. 65-66 & 91, ECF No. 13-3. The ALJ noted at the February 21, 2014 hearing that Plaintiff was wearing braces that looked pretty new and still had the tags attached, but Plaintiff testified that he has had them for a couple years and that he wore them mostly at night time when he sleeps. Tr. 68 & 74, ECF No. 13-3. Plaintiff testified that he could use his hands for tasks like writing or cleaning up for less than an hour. Tr. 75, ECF No. 13-3. However, Plaintiff testified that he still has not had carpal tunnel release surgery. Tr. 72, ECF No. 13-3. Plaintiff testified that he has not seen his back doctor in over a year, because the doctor no longer took his insurance, but that he has been getting injections in his back. Tr. 68-69, ECF No. 13-3. Plaintiff testified that he could walk for about 10 to 15 minutes before he has stop due to back pain. Tr. 76, ECF No. 13-3. The VE characterized Plaintiff's past work as follows: parking lot attendant, construction worker, and landscape laborer. Tr. 80-81, ECF No. 13-3.

On May 15, 2014, the ALJ issued a decision finding that Plaintiff has not been under a disability from the date of Plaintiff's October 4, 2012 application. Tr. 52, ECF No. 13-3. The ALJ noted that Plaintiff engaged in substantial gainful employment for the first three weeks of 2013, for a total of 20 days after the alleged onset date. Tr. 48, ECF No. 13-3. The ALJ also noted that a review of Plaintiff's earnings records showed that he made $1,636.00 in the fourth quarter of 2012,

and $2,492.00 in the fourth quarter of 2013 working at the State Fair of Texas. Tr. 48, ECF No. 13-3. The ALJ concluded that the income Plaintiff derived in October of 2012 and in 2013 indicated that Plaintiff engaged in substantial gainful activity. Tr. 48, ECF No. 13-3. The ALJ determined that Plaintiff had the following severe impairments: mild degenerative disc disease in the lumbar spine, lumbar radiculopathy, and carpal tunnel syndrome. Tr. 48, ECF No. 13-3. The ALJ again determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). Tr. 49, ECF No. 13-3. The ALJ again determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that reaching, handling, and fingering can be done frequently, but not continually. Tr. 49, ECF No. 13-3. The ALJ determined that Plaintiff was capable of performing his past relevant work as a parking lot attendant. Tr. 49, ECF No. 13-3. The ALJ stated that, in comparing Plaintiff's RFC with the physical and mental demands of this work, Plaintiff was able to perform this job as it was actually and generally performed. Tr. 51, ECF No. 13-3.

The ALJ noted that Plaintiff alleged disability in part due to back, hip, and knee problems, and shortness of breath. Tr. 50, ECF No. 13-3; Tr. 251, ECF No. 13-7. The ALJ also noted that Plaintiff was diagnosed in 2010 with carpal tunnel syndrome, degenerative joint disease, and left sided sciatica, and that bilateral wrist splints were prescribed. Tr. 50, ECF No. 13-3. The ALJ further noted that in 2011, Plaintiff was diagnosed with lumbar lower back pain and as a smoker, and that in 2012, he was diagnosed with lumbar radiculopathy, lumbar degenerative disc disease, and lumbar spondylolisthesis. Tr. 50, ECF No. 13-3. The ALJ stated that the medical records showed that Plaintiff's lower back pain, lumbar degenerative disc disease, and lumbar spondylolisthesis limited

his ability to perform work related activities, that although the record reflected that these impairments have healed generally, Plaintiff still alleged that he had residual pain, that Plaintiff's RFC limited him to light work, and that Plaintiff's carpal tunnel syndrome limited his manipulative activities, but the medical record did not support a finding of further limitations. Tr. 51, ECF No. 13-3.

## LEGAL STANDARDS

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
(2) an individual who does not have a "severe impairment" will not be found to be disabled;
(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other

> factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do

not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the ALJ's credibility finding is not supported by substantial evidence, because it rests on the irrelevant premise that Plaintiff continued to smoke, and the mistaken premise that Plaintiff's 2013 MRI was interpreted to be insignificant. Pl.'s Br. 9-12, ECF No. 15. Plaintiff argues that, while the ALJ was technically correct in pointing out that Plaintiff continued to smoke against medical orders, this observation is irrelevant, because the ALJ never explained how Plaintiff's smoking habit detracted from his allegations such as the pain and weakness in his lower extremities or limitations in his ability to stand and walk. Pl.'s Br. 11, ECF No. 15. Plaintiff argues that, while his refusal to quit smoking may have been relevant if his disability involved a respiratory impairment, Plaintiff is alleging here that he is disabled due to carpal tunnel syndrome and low back

pain. Pl.'s Br. 11, ECF No. 15. Plaintiff further argues that the only other reason the ALJ gave for rejecting his credibility was her mistaken belief that the December 21, 2013 MRI was "interpreted as insignificant," but this MRI report actually stated that there was "no significant change" from Plaintiff's June 28, 2011 MRI. Pl.'s Br. 12, ECF No. 15. Plaintiff argues that reversal of the ALJ's decision is warranted here, because she clearly misinterpreted the record, and the ALJ's credibility determination is not supported by substantial evidence. Pl.'s Br. 12, ECF No. 15. Plaintiff argues that, while the Commissioner may contend that the ALJ's credibility errors were harmless, the ALJ may have come to a different conclusion if she properly evaluated Plaintiff's subjective complaints. Pl.'s Br. 13, ECF No. 15.

The Commissioner points out in her response that, Plaintiff alleged that his disability was based, at least in part, on shortness of breath, when he applied for disability benefits, and Plaintiff's continuation in an activity that directly correlates to this alleged disabling condition is relevant. Def.'s Br. 3, ECF No. 16; Tr. 251, ECF No. 13-7. The Commissioner also argues that the fact Plaintiff never sought treatment for his shortness of breath is also relevant. Def.'s Br. 3, ECF No. 16; Tr. 452-488, ECF No. 13-10; Tr. 489-577, ECF No. 13-11; Tr. 578-622, ECF No. 13-12. Furthermore, while Plaintiff argues that the ALJ rejected his credibility by stating that the December 21, 2013 MRI was "interpreted as insignificant," the ALJ also noted that this MRI showed insignificant changes of Plaintiff's lower lumbar spine and summarized the findings of the MRI report. Def.'s Br. 3-4, ECF No. 16; Tr. 50, ECF No. 13-3; Tr. 476, ECF No. 13-10. Therefore, the Commissioner argues that it is clear that this statement was a typographical error. Def.'s Br. 4, ECF No. 16. The Commissioner further argues that, while Plaintiff contends that the smoking and 2013 MRI are the only factors the ALJ used in assessing Plaintiff's credibility, the ALJ also considered

the lack of significant findings upon physical examination, and the fact that Plaintiff experienced some relief with medication. Def.'s Br. 4, ECF No. 16; Tr. 51, ECF No. 13-3. Moreover, the Commissioner argues that the ALJ's RFC finding was consistent with the opinions of the state agency physicians. Def.'s Br. 5, ECF No. 16; Tr. 49-51, ECF No. 13-3; Tr. 143-44 & 150-51, ECF No. 13-4. Therefore, the Commissioner argue that the ALJ made a supported credibility finding, and the medical evidence substantiates her finding. Def.'s Br. 5, ECF No. 16.

Plaintiff argues in his reply that, while he alleged disability in part due to shortness of breath, he also alleged disability due to Hepatitis, liver disease, carpal tunnel syndrome, shoulder pain, and problems with his hips, back, and knees, but the Commissioner fails to explain how his smoking affects these other impairments. Reply 2, ECF No. 17. Plaintiff also argues that, while the Commissioner contends that the ALJ's statement regarding Plaintiff's December 21, 2013 MRI was a typographical error, because the ALJ also discussed the MRI report in greater detail elsewhere in her decision, this does not answer the question as to why the ALJ cited the MRI as a basis to discredit Plaintiff. Reply 3-4, ECF No. 17. Plaintiff argues that the more likely interpretation of the ALJ's statement is that the ALJ made a mistake and believed that the MRI was interpreted to be insignificant, even though the ALJ had previously correctly summarized the MRI report. Reply 4, ECF No. 17. Plaintiff further argues that, while the Commissioner contends that the ALJ also rejected Plaintiff's allegations based on a lack of significant findings upon physical examination, the ALJ never described any physical examination findings as "insignificant" or "unremarkable" on the page the Commissioner references, but rather, the ALJ recited the examination findings when she summarized the evidence. Reply 4-5, ECF No. 17. Plaintiff argues that the Commissioner, not the ALJ, is the one interpreting those findings as being insignificant. Reply 5, ECF No. 17. Furthermore,

Plaintiff argues that the Commissioner cites no authority that states that partial relief with medication is inconsistent with an allegation of disability, and that the Commissioner's remaining arguments rest on prohibited *post hoc* explanations. Reply 5-6, ECF No. 17.

As pointed out by the Commissioner, Plaintiff's continued smoking and the 2013 MRI were, among other considerations, discussed by the ALJ in assessing Plaintiff's credibility. Specifically, the ALJ stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
>
> In terms of the claimant's alleged impairments, he did report some relief L5-S1 ESI in May 2012. Lyrica and Zanaflex provided mild relief, with additional relief from Ibuprofen and BC Powder. Still, the claimant continued to smoke against medical orders. (Ex. B-3; B-4F)
>
> The claimant gives a history of having been incarcerated. He said he sleeps and watches television. He reported that he helps his mother around the house. In addition, []he reported going outside daily. He rides in a car and uses public transportation. He is able to count change, but cannot handle bank accounts. The claimant said his hobbies include watching sports and cutting coupons. While he does visit with family, the claimant indicated that he does not do anything, except goes to doctor's appointments. He said he is not interested in anything. He has braces/splints and wears glasses and reported that he is able to lift 5 to 10 pounds. (Ex. B-5E)
>
> As for the opinion evidence, much weight is accorded the opinion of the physicians from Parkland Hospital, in that the claimant's MRI from 2013, was interpreted as insignificant. (Ex. B-3/7-9; B-4F/3-8).

Tr. 51, ECF No. 13-3. As also pointed out by the Commissioner, immediately preceding this discussion, the ALJ stated that:

> Magnetic resonance imaging (MRI) from December 21, 2013, revealed insignificant changes of the lower lumbar spine. There were diffuse disc bulge without spinal

> canal stenosis. Disc material contacted the undersurface of L5 exiting nerve roots within the neuroforamen, right greater than left, with facet hypertrophy with bilateral joint effusion. (Ex. B-3/7-9; B-4F/3-8).

Tr. 50, ECF No. 13-3. The December 23, 2013 MRI report states as follows:

> COMPARISON: 6/28/2011. FINDINGS: Grade 1 anterolisthesis of L5 on S1 is unchanged. Vertebral body heights are maintained. Diffusely decreased T1 marrow signal is unchanged. Conus terminates at L1-L2 level. Disc desiccation is again noted at L5-S1. Evaluation of disc level as follows: L1-2: Unremarkable. L2-3: Unremarkable. L3-4: Unremarkable. L4-5: Moderate right and mild left facet hypertrophy without neuroforaminal stenosis, unchanged. No spinal canal stenosis. L5-S1: Diffuse disc bulge without spinal canal stenosis. Disc material again contacts the undersurface of L5 exiting nerve roots within the neuroforamen, right greater left. Facet hypertrophy with bilateral joint effusion is again seen. Overall, no significant change.

Tr. 476, ECF No. 13-10.

As argued by the Commissioner, the ALJ discussed Plaintiff's smoking and the 2013 MRI, along with other considerations. Def.'s Br. 4, ECF No. 16; Tr. 51, ECF No. 13-3. In assessing Plaintiff's credibility, the ALJ discussed the Plaintiff's self reports of daily activities, hobbies, and physical capabilities, and reports of some relief from medications. Def.'s Br. 4, ECF No. 16; Tr. 51, ECF No. 13-3. In addition, as the Commissioner points out, Plaintiff did in fact allege that he was disabled, in part, due to shortness of breath as indicated in the December 18, 2012 Disability Report. Def.'s Br. 3, ECF No. 16; Tr. 251, ECF No. 13-7. While Plaintiff argues in his reply that his continued smoking is not relevant to his other alleged disabilities, the fact that Plaintiff failed to obtain treatment for his shortness of breath and continued to smoke, although he alleged that shortness of breath contributed to his disability, is relevant in assessing his overall credibility, because Plaintiff's conduct raises questions as to whether he actually experienced the symptoms he alleged. Reply 2, ECF No. 17. With respect to Plaintiff's argument that the ALJ's decision should

11

be reversed because the ALJ incorrectly stated that the December 21, 2013 MRI was "interpreted as insignificant," when the MRI report actually stated that there was "no significant change" from Plaintiff's June 28, 2011 MRI, this argument may have been persuasive if the ALJ did not correctly discuss the December 21, 2013 MRI report immediately before making the incorrect statement. Pl.'s Br. 12, ECF No. 15; Tr. 50-51, ECF No. 13-3; Tr. 476, ECF No. .13-10. In the context of the ALJ's entire decision, it is apparent, as the Commissioner argues, that this was a typographical error that does not warrant a reversal.

As previously discussed, the Court's task here is to scrutinize the record as a whole to determine whether substantial evidence is present, and the "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany*, 2014 WL 1255316, at *9; *Greenspan*, 38 F.3d at 236. Furthermore, "[p]rocedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision,'" and "[r]emand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris*, 864 F.2d at 335; citing *January*, 400 F. App'x at 933). Upon careful consideration, the Court concludes that there is not a realistic possibility that the ALJ would have reached a different conclusion absent the error, and that substantial evidence supports the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the final decision of the Commissioner is AFIRMED.

SO ORDERED, this _12_ day of _February_, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE